## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ELIZABETH BUCHANAN**                                                             **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 1:23-CV-290-LG-RPM**

**STATE FARM FIRE AND CASUALTY COMPANY**                                  **DEFENDANT**

### AMENDED COMPLAINT
(Jury Trial Requested)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Elizabeth Buchanan, Plaintiff in the above entitled and numbered cause, complaining of and against State Farm Fire and Casualty Company, Defendant herein, and for cause of action would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

**1.**

Discovery is intended to be conducted pursuant to Fed. R. Civ. P. 26.

### II. PARTIES

**2.**

Plaintiff **ELIZABETH BUCHANAN** is an adult resident of the County of Harrison, in the State of Mississippi.

**3.**

Defendant **STATE FARM FIRE AND CASUALTY COMPANY** is an insurer domiciled in the State of Illinois who is authorized to do and is doing business in the State of Mississippi, which may be served through its Registered Agent for Service of Process, United States Corporation Company 109 Executive Drive, Suite 3, Madison, MS 39110.

### III. VENUE AND JURISDICTION

**4.**

Plaintiff stipulates to the fact that damages in this matter are less than $75,000. Pursuant to 28. U.S.C § 1332 (a) the Court lacks Subject Matter Jurisdiction as the amount in controversy requirement is not met. Plaintiff requests remand of this case to state court and will file a motion to remand for the same.

### IV. PROCEDURAL HISTORY

**5.**

This action was originally filed in the Circuit Court of Harrison County, Mississippi and was assigned Case number A2401-23-350. The Defendant removed the action to the United States District Court Southern District of Mississippi Southern Division on October 26, 2023, and a new case number was assigned, 1:23-cv-290 LG-RPM. The original pleading contained multiple Plaintiffs with individual claims, and the Defendant requested severance of the plaintiff's claim. An Order for Severance was granted on November 30, 2023. This action was to keep the original assigned Cause number in this matter, 1:23-cv-290 LG-RPM.

### V. RELEVANT FACTS

**6.**

At all relevant times, Elizabeth Buchanan owned the property located at 200 48th Street, Gulfport, MS 39507 (the "48th Street Property").

**7.**

At all relevant times, State Farm Fire and Casualty Company provided a policy of insurance, number 24-B7-1259-6 (the "48th Street Policy"), to Elizabeth Buchanan which covered the 48th Street Property against perils including wind and provided the following

coverages: $336,900.00 for Dwelling; $33,690.00 for Dwelling Extension; $252,675.00 for Personal Property; and the actual loss sustained for Loss of Use, *inter alia*. Exhibit A[1].

**8.**

On or around October 28, 2020, Hurricane Zeta made landfall, causing damage across Louisiana and south Mississippi and extending to 48th Street Property and Bohn Street Property in Harrison County, Mississippi.

**9.**

As a result of the storm, the 48th Street Property sustained significant damage, specifically involving, but not limited to, damage to the roof and siding as well as interior damage caused by water intrusion due to the external damages.

**10.**

Elizabeth Buchanan promptly reported the loss to State Farm Fire and Casualty Company, who assigned it claim number 24-12Z6-23G (the "48th Street Claim").

**11.**

On or about November 3, 2020, Defendant inspected the 48th Street Property and documented damages to the dwelling and requiring debris removal. The inspection was brief and failed to document the full scope of damage resulting in an estimate grossly underreporting the extent of damage. After over-depreciating the loss and applying the 48th Street Policy's deductible, Defendant did not allow any benefits under the 48th Street Policy for damages to the Dwelling.

---

[1] Attached here, Exhibit A, as if pled verbatim in this Complaint.

**12.**

The inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**13.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**14.**

No further payments have been made.

**15.**

Defendant has filed and refused to evaluate the information and surrounding facts regarding the Plaintiff' covered claims, choosing instead to rely entirely on the incorrect assumptions and conclusions of its agents, employees, or consultants. Plaintiff's former law firm attempted to enter the Appraisal process as provided in the policy, the defendant refused. Exhibit B[2].

**16.**

Defendant has persisted in refusing to pay the full amount due to the Plaintiff's claims. No reasonable basis exists or has existed at any time for Defendant's delay and/ or refusal to provide covered benefits due and owing under the policies.

**17.**

Defendant's failure to comply with the terms of its own policies caused and continues to cause significant delay to repair of the Properties.

---

[2] Attached here, Exhibit B, as if pled verbatim in this Complaint.

**18.**

At all relevant times, Plaintiff has complied with their obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

**19.**

Upon information and belief, Defendant purposefully and/ or negligently failed to timely tender benefits due to the Plaintiff after having received satisfactory proof of loss.

**20.**

Upon information and belief, Defendant purposefully and/ or negligently misrepresented to the Plaintiff the terms and conditions of the policies.

**21.**

Upon information and belief, Defendant conducted the investigation and claims handling for the Plaintiff in bad faith, as that term is used in conjunction with Mississippi's insurance code.

**22.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**23.**

Upon information and belief, Defendant purposefully and/ or negligently failed to include adequate overhead and profit in its estimates of damages.

**24.**

The Plaintiff has incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

**25.**

As a result of State Farm Fire and Casualty Company failure to timely and adequately compensate the Plaintiff for their covered loss, they were forced to incur the expenses of retaining counsel and other expenses to prosecute their claims.

**26.**

At and during the time of the acts and/ or omissions complained of herein, any acts and/ or omissions committed by an agent, representative, or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant. Defendant is therefore liable to the Plaintiff for the acts and/ or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## VI. CAUSES OF ACTION

A.	**Breach of Contract**

**27.**

The Plaintiff realleges and re-avers the allegations contained in paragraphs 1-26, above, as if restated herein.

**28.**

Defendant owes a duty to its policyholders to make prompt and proper payment for all claims, to make its policy limits available to the insured for losses. These duties arise from the policy itself, Mississippi jurisprudence, and duties implied in every contract in Mississippi.

**29.**

The Plaintiff has now suffered covered losses under the policies.

**30.**

State Farm Fire and Casualty Company breached its contractual duties and failed to provide reasonable and adequate insurance coverage to the Plaintiff by:

    a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

    b. Purposely and/ or negligently misrepresenting to the Plaintiff the terms and conditions of the policies.

    c. Failing to conduct the claims handling for the Plaintiff' claims in good faith and with fair dealing;

    d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

    e. Failing to include adequate overhead and profit in its estimates of damages.

**31.**

The Plaintiff has suffered and continues to suffer damages as a result of these breaches of the policies.

**B. Bad Faith**

**32.**

The Plaintiff realleges and re-avers the allegations contained in paragraphs 1-31, above, as if restated herein.

**33.**

Defendant, at all relevant times, owed a duty of good faith and fair dealing to the Plaintiff in the handling and administration of their property damage claims.

**34.**

The actions and/ or inactions of State Farm Fire and Casualty Company in failing to timely and adequately compensate the Plaintiff for their covered losses under the policies were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with the Mississippi Insurance Code, making State Farm Fire and Casualty Company liable for bad faith penalties.

**35.**

Defendant State Farm Fire and Casualty Company breached this duty by failing to provide payment for property damage in a reasonable manner.

**36.**

There was no good faith arguable basis for positions taken by Defendant for all denials and delays of payment for coverage.

**37.**

Defendant either knew or should have known that the Plaintiff suffered a property loss and should have made payments on the claim without unreasonable and avoidable delay.

**38.**

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by the Plaintiff, and but for their breach the harm suffered by the Plaintiff would have been avoided.

**39.**

Defendant's refusal to tender payment was deliberate, without excuse or justification, and therefore shows bad faith conduct under the laws of the State of Mississippi.

### C. DAMAGES

**40.**

The Plaintiff reallege and re-aver the allegations contained in the preceding paragraphs above, as if restated herein.

**41.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, the Plaintiff has incurred the following, non-exclusive damages:

    a. Diminution of the value of the Properties;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Properties;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Additional living expenses;

    f. Mental anguish;

    g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

### VII. JURY DEMAND

**42.**

The Plaintiff demands a trial by jury to resolve all fact issues in this case. The Plaintiff requests that this matter be tried before a jury.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff pray that the Defendant be cited to appear and answer herein, and that upon final trial hereof, the Plaintiff recover from said Defendant, individually, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which the Plaintiff may be justly entitled.

Respectfully submitted,

**WEBSTER VICKNAIR MACLEOD**

By: _____
JASON C. WEBSTER
MS Bar no. 100920
6200 Savoy Dr. Ste. 150
Houston, Texas 77036
(713) 581-3900 (telephone)
(713) 581-3907 (facsimile)
filing@thewebsterlawfirm.com